NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DHARMINDER SINGH, | No. 16-73414 |
| Petitioner, | |
| v. | Agency No. A201-294-119 |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021**
San Francisco, California

Before: WARDLAW and BERZON, Circuit Judges, and PREGERSON,***
District Judge.

Dharminder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition.

1.      Substantial evidence supports the agency's determination that Singh was not a credible witness. Both the BIA and IJ identified numerous inconsistencies between Singh's testimony in his removal hearing, on the one hand, and his declaration and the interview notes from his credible fear interview, on the other. The inconsistencies were not trivial. They related to the appearance of Singh's alleged attackers, the threats they made to him, and the injuries he suffered at their hands—all issues central to his claim. Singh was not able to account for these discrepancies other than to say he had forgotten things. In light of these inconsistencies, the record does not compel the conclusion that Singh was a credible witness.

Although the adverse credibility determination was supported by substantial evidence, the IJ's findings as to Singh's demeanor do not support the adverse credibility determination. The IJ found generally that Singh was "nonresponsive" and "evasive" on cross-examination. An IJ's demeanor findings should "specifically and cogently refer to [an] aspect of [the petitioner's] demeanor, a term which we have described as including the expression of his countenance, how he sits or stands, whether he is inordinately nervous, his coloration during critical examination, the modulation or pace of his speech and other non-verbal

communication." *Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003) (internal quotation marks and citation omitted). Here, the IJ did not identify any specific instances of Singh's evasiveness or nonresponsiveness, nor did he identify specific nonverbal behaviors that Singh displayed. The IJ's demeanor findings therefore do not support the adverse credibility determination. Nonetheless, even without the demeanor findings, the inconsistencies identified by the BIA and IJ provided substantial evidence that Singh was not credible.

2.      Substantial evidence supports the BIA's and IJ's determination that the documentary evidence alone did not establish Singh's eligibility for asylum or withholding of removal. The BIA and IJ reasonably concluded that the letters from a political party leader and another party member did not support Singh's claim because they either did not detail the alleged attacks on Singh or gave details inconsistent with those Singh gave. Additionally, given Singh's noncredible testimony, the record does not compel the conclusion that the letters from his family members and friends were sufficient alone to establish his eligibility for asylum and withholding of removal.

3.      Substantial evidence supports the agency's determination that Singh failed to establish his eligibility for relief under the Convention Against Torture. Singh does not point to any specific evidence in the record that contradicts the IJ's conclusion that there was "little evidence present to suggest that mistreatment of

3

Sikhs or SADM members in India in particular rises to the level of torture," or that

Singh "would otherwise be specifically targeted for it."

**PETITION DENIED.**